14948

BOWERS v. LIDE

(5 S. E. (2d), 283)

April, 1939.

*Messrs. Hunter & Harley,* for appellant, 

*Mr. Thomas H. Pope, Jr.,* for appellant, 

October 27, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Action commenced in the Court of magistrate by respondent (landlord) to dispossess appellant (tenant) of certain premises known as "Parr Stables" in Newberry, South Carolina, under Section 8813, Code of 1932, the pertinent portion of this section reading: "Tenants Holding Over or Failing to Pay Rent.—In all cases where tenants hold over after the expiration of their lease or contract for rent, whether the same be in writing or by parol, *or shall fail to pay the rent when the same shall become due,* the landlord is hereby authorized and empowered, either in person or by agent, to demand possession thereof from the tenant or person in possession thereof; and in case of refusal or resistance, it shall be lawful for the person so letting said premises, house or tenements, his agent or attorney, to apply to a magistrate, whose duty it shall be to have a notice served upon the person or persons so refusing to be dispossessed to show cause, before him, if any he can, within three days from the date of said personal service, of such notice, why he should not be dispossessed; *and if he fails to show sufficient cause,* it shall be the duty of the magistrate forthwith to issue his warrant, directed to the sheriff of the county or any constable thereof, requiring him without delay to dispossess said person or persons from the premises so let, and authorizing him to use such force as may be necessary * * * ." (Italics added.)

The case was submitted to the magistrate on an agreed statement of facts, which are substantially as follows: "That Dr. J. S. Lide is a tenant of the landlord, A. J. Bowers, as Treasurer of the Consolidated Endowment Fund of Newberry College, and that he owed the landlord the sum of Twenty ($20.00) Dollars rent for the month of February, 1939, which amount was due and payable on February 28, 1939; that the rent was unpaid on that date and the landlord made no demand for rent on that day, nor did he make any demand for rent until this action was brought. Demand for possession of the premises was made by an agent of the landlord on March 6, 1939, and possession refused by the tenant. On March 7, 1939, the tenant was served with notice to show cause before me, within three (3) days, why he should not be ejected for nonpayment of rent. On March 8, 1939, the tenant tendered to the agent of the landlord the amount of rent due for the month of February, 1939, and continued to tender same up until a hearing before me, which was held on March 11, 1939."

In an order of some length, the magistrate held that the tenant (appellant here) could not be dispossessed. We quote the concluding paragraph of the order: "Under the facts submitted herein and without a showing that the lease had expired, I so hold that the tenant, Dr. J. S. Lide, should not be ejected in this action."

On appeal to the Circuit Court, Honorable Wm. H. Grimball, presiding Judge, reversed the judgment of the magistrate's Court. From the decree of reversal, in which it is ordered "that within ten days after notice of the filing of this decree, the defendant tenant do vacate the premises in question; and that in case he does not so vacate them, the sheriff of the County be and hereby is empowered and directed to eject him," the defendant tenant (appellant) has appealed to this Court on two exceptions, set forth below:

"1. The Court erred in its order of April 3, 1939, in its construction of Section 8813 of the 1932 Code of Laws of South Carolina, in holding that 'It is too late, after eject-

ment proceedings have been commenced, to tender past due rent,' the error being that the Court refused to affirm the Order of the Magistrate which holds that Section 8813 of the Code was not applicable without it being shown that the rent contract had terminated.

"2. That the Court erred in failing to construe Section 8813 of the Code of Laws of South Carolina for 1932 in holding that the mere failure of paying rent when due authorizes landlord to automatically eject tenant."

The statute under which respondent proceeded (Section 8813) provides a summary method and process for the dispossessing or ejectment of a tenant by a landlord in two instances: (1) where the tenant holds over after the expiration of his lease or contract, and (2) "or shall fail to pay the rent when the same shall become due." The respondent was proceeding under that portion of the statute which refers to the nonpayment of rent when due.

If appellant had "sufficient cause" for not paying the rent when due, the record does not disclose it. In fact, there is no attempt on the part of appellant "to show sufficient cause," or any cause.

The statute protects tenants against the caprices of landlords by allowing them to show cause why the rent was not paid when due, and it is only when a tenant fails to show sufficient cause, that such tenant will be dispossessed for failure to pay rent when due.

The exceptions are overruled, and the decree of Judge Grimball is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.